IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

MUFID A. ELFGEEH,

        Defendant.

14-CR-6147EAW

**AFFIDAVIT**

---

STATE OF NEW YORK   )
COUNTY OF MONROE  ) SS:
CITY OF ROCHESTER    )

     I, **ALBERT W. ZENNER**, being duly sworn, depose and state:

     1.    I am employed as a Special Agent with the Federal Bureau of Investigation (FBI) of the United States Department of Justice. I have been an FBI Special Agent for over 17 years, and am currently assigned to the Joint Terrorism Task Force (JTTF) in Rochester, New York. In that capacity, I am assigned to the above-captioned matter.

     2.    I submit this affidavit, at the direction of the Court, to set forth the progress that has been made in providing English translations of certain voluntary discovery materials to the defense in this case. I make this affidavit based on my personal knowledge of this investigation, conversations with other agents and personnel assigned to this investigation, and my review of records obtained pursuant to federal search warrants. I previously submitted an affidavit to the Court, dated September 25, 2014, which detailed the voluminous digital and documentary search warrant evidence in this case, and the extent to which the government requires language services to translate those materials from Arabic into English (hereinafter "the September 25th affidavit"). The September 25th affidavit is hereby incorporated by reference as if fully set forth herein.

3. On September 16, 2014, a federal grand jury issued an Indictment (14-CR-6147) charging the defendant, MUFID A. ELFGEEH, with three counts of attempted material support of a designated foreign terrorist organization, the Islamic State of Iraq and the Levant, in violation of 18 U.S.C. § 2339A(b), attempted murder of officers and employees of the United States, in violation of 18 U.S.C. § 1114(3), possession of firearms and silencers in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and two counts of receipt and possession of unregistered firearm silencers, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

4. On September 18, 2014, this Court arraigned ELFGEEH on the Indictment. During the arraignment, the government and the defense jointly requested a three-month adjournment to begin voluntary discovery. In support of the adjournment request, the government, at the direction of this Court, submitted the September 25th affidavit, which detailed the volume of the search warrant evidence in this case and the amount of translation services required for those materials. After due consideration of the September 25th affidavit, this Court granted an adjournment of the case to January 6, 2015, to permit the parties to engage in voluntary discovery.

5. On January 6, 2015, this Court held a status conference. During the conference, the defense requested a four-month adjournment to permit the parties to continue voluntary discovery and the defense to continue reviewing the discovery with ELFGEEH. The government did not oppose the defense request. This Court reserved judgment on the adjournment request and directed the government to file an affidavit updating the Court on the progress made in providing English translations of certain voluntary discovery materials to the defense.

6. As detailed in the September 25th affidavit, the government obtained search warrants for, inter alia, 23 Facebook User IDs associated with ELFGEEH and an Apple iPhone seized from ELFGEEH at the time of his arrest. Pursuant to those search warrants, the government obtained

from Facebook more than 34,700 pages of documents relating to 13 Facebook User IDs, and obtained from the Apple iPhone extensive digital evidence, including numerous videos and photographs, more than 7,500 pages of WhatsApp communications, 64 pages of SMS and iMessages, and a 19-page contact list. I am informed by Assistant United States Attorney (AUSA) Brett A. Harvey that, consistent with its discovery obligations, the government disclosed all of the search warrant evidence for the Facebook User IDs and Apple iPhone to the defense on or about October 1, 2014, as part of voluntary discovery.

7. Between September 25, 2014, and January 8, 2015, a team of eight FBI translators spent a total of approximately 1,534 hours working on translating the Facebook and iPhone search warrant evidence. In addition to working on this case, those translators also have responsibilities to work on multiple other active investigations and time-sensitive threats requiring immediate attention throughout the United States.

8. To date, FBI translators have completed draft English translations of the following Facebook records:

| ACCOUNT | NUMBER OF PAGES |
|---|---|
| Facebook User ID ending in 1167 | 1,200 |
| Facebook User ID ending in 0119 | 1,123 |
| Facebook User ID ending in 1214 | 402 |

| ACCOUNT | NUMBER OF PAGES |
|---|---|
| Facebook User ID ending in 4529 | 241 |
| Facebook User ID ending in 4660 | 1,092 |
| Facebook User ID ending in 2764 | 450 |

As detailed in the September 25th affidavit, 1,530 pages of Facebook records had been translated before September 25, 2014.

9. To date, FBI translators have completed draft English translations of the following items recovered from the Apple iPhone:

| ITEM | NUMBER OF PAGES |
|---|---|
| Photographs/Images | 1,500+ |
| WhatsApp File No. 1 | 681 |
| WhatsApp File No. 7 | 25 |
| WhatsApp File No. 8 | 20 |

| ITEM | NUMBER OF PAGES |
|---|---|
| iPhone Notes | 14 |
| "Just Paste It" Notes | 5 |

10. At this time, there remain approximately 30,235 pages of Facebook records and 6,783 pages of WhatsApp materials to be translated. I anticipate that FBI translators will complete draft English translations of approximately 3,340 pages of the remaining Facebook records and 1,281 pages of the remaining WhatsApp materials by the end of this month. I am informed by AUSA Harvey that the government will continue to disclose draft translations of these materials to the defense on a rolling basis, as they become available. It should be noted that the volume of Facebook materials that will require translation will more than likely be considerably less than 30,235 pages. This assessment is based on the fact that, in reviewing and translating the first six Facebook accounts, the translators found that Facebook provided duplicate versions of the Facebook records for each account. The investigative team will not be able to confirm that the remaining seven Facebook accounts contain such duplicates until the translators have finished their review of those records. It is reasonable to conclude, however, that the search warrant returns do in fact contain duplicate versions of the Facebook records.

11. As detailed in the September 25th affidavit, this investigation involved a number of consensual recordings of Arabic conversations between a confidential source (referred to in prior court documents as CS-1) and ELFGEEH. I am informed by AUSA Harvey that, consistent with its discovery obligations, the government disclosed all available recordings of these meetings, along with

draft summary and/or verbatim translations of those conversations, to the defense on or about October 1, 2014, as part of voluntary discovery. As of the time of this filing, there are approximately 30 hours of conversation that still require verbatim translation. The government intends to complete verbatim translations of the remaining conversations, if necessary, and only after translation of the Facebook and Apple iPhone search warrant evidence is completed.

ALBERT W. ZENNER
Special Agent
Federal Bureau of Investigation
Joint Terrorism Task Force

Subscribed to and sworn before
me this 16th day of January, 2015.

Notary Public

LOUANN E. ELSAESSER
Notary Public, State of New York
Qualified in Monroe County
Commission Expires June 30, 2018

6