UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

MUFID A. ELFGEEH,

                Defendant.

**PROTECTIVE ORDER REGARDING CLASSIFIED INFORMATION**

14-CR-6147EAW(F)

---

This matter comes before the Court upon the motion of the United States for a Protective Order Regarding Classified Information to prevent the unauthorized disclosure or dissemination of classified national security information and documents that will be reviewed or made available to the defendant's counsel by the government during the prosecution of this case. The United States warrants that the motion has been discussed and shown to the defendant's attorney, Mark D. Hosken, Esq., and that defense counsel has no objection to the motion or the terms of this Protective Order Regarding Classified Information. Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2006) ("CIPA"), the Security Procedures established pursuant to Pub. L. No. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA § 9), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory

authority of the Court, and in order to protect the national security, the following Protective Order is entered:

1.   The Court finds that this case will involve information that has been classified in the interest of the national security. The storage, handling and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances and a need to know.

2.   The purpose of this Protective Order ("Order") is to establish procedures that must be followed by counsel and the parties in this case (including defense counsel and their designated employees, translators for the defense, investigators for the defense, and all other individuals who receive access to classified information or documents in connection with this case). The procedures set forth in this Order, CIPA and the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. §§ 1801, *et seq.* ("FISA"), shall apply to all pre-trial, trial, post-trial, and appellate aspects of this case; and may be modified from time to time by further order of the Court acting under Rule 16(d) of the Federal Rules of Criminal Procedure, Sections 3 and 9 of CIPA, FISA, and this Court's inherent supervisory authority to ensure a fair and expeditious trial.

3.   **Definitions**.  The following definitions shall apply to this Order:

   a.   The terms "classified national security information and documents," "classified information," "classified documents," and "classified material" shall mean:

      i.    any document or information which has been classified by any executive agency in the interests of national security or pursuant to Executive Order 13526 or its predecessor orders as "confidential," "secret," "top secret," or additionally controlled as "sensitive compartmented information;"

      ii.    any document or information now or formerly in the possession of a private party which (A) has been derived from information from the United States government that was classified, and (B) has been subsequently classified by the United States pursuant to Executive Order 13526 or its predecessor orders as "confidential," "secret," "top secret," or additionally controlled as "sensitive compartmented information;"

      iii.    verbal classified information known to the defendants or defense counsel;

      iv.    any document or information, including verbal information, which defense counsel have been notified orally or in writing contains classified information;

      v.    any information, regardless of place or origin and including "foreign government information" as that term is defined in Executive Order 13526, that could reasonably be believed to contain classified information;[1] and

---

[1] This provision means that, should defense counsel discover classified information in the public domain, she or he will neither confirm nor deny it is classified, nor will she or he discuss it or e-mail it via unsecured means. Further, defense counsel agrees to consider and treat such discovered material as classified pursuant to the terms of this order.

vi. any information that defense counsel receives as discovery in this case, including, but not limited to, any information obtained from an agency that is a member of the United States "Intelligence Community" (as defined in Section 3(4) of the National Security Act of 1947, codified at 50 U.S.C. § 401a(4)),[2] shall be presumed to fall within the meaning of classified information, unless and until an authorized attorney for the United States advises otherwise in writing.

b. The terms "documents," "information," and "material" shall mean any material containing information. These terms shall include, without limitation, written or printed matter of any kind, including originals, conforming copies, and non-conforming copies (e.g., a copy of an original with an added notation). These terms shall also include, without limitation, papers, correspondence, letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, microfilms, reports, photographs, charts, graphs, maps, inter-office and intra-office communications, notations of any sort concerning conversations, meetings or other communication, invoices, accountings, worksheets, bulletins, transcripts and messages, as well as drafts, alterations, amendments, modifications, and changes of any kind to the foregoing; graphic or oral records or representations of any kind, including but not limited to photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures; electronic, mechanical or electronic records of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter

---

[2] This section has been transferred to 50 U.S.C. § 3003(4).

ribbons, word processing or other computer tapes or disks, and data processing storage; and information acquired orally or verbally.

    c.    "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

    d.    "Secure area" means a physical facility approved by a Classified Information Security Officer for the review, storage, handling and control of classified information.

    e.    "Need-to-know" means a determination within the executive branch in accordance with directives issued pursuant to this order that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function.

    f.    All classified documents and information therein shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that originated the document or information contained therein (hereinafter, "originating agency").

    4.    **Classified Information Security Officer**. In accordance with the provisions of CIPA and the Security Procedures promulgated by the Chief Justice of the United States pursuant to that Act, this Court designates Harry J. Rucker as the Classified Information Security Officer for this case for the purpose of providing security

arrangements necessary to protect any classified information or documents that will be made available to the defense in connection with this case. This Court also designates Jennifer H. Campbell, Branden M. Forsgren, Daniel O. Hartenstine, Joan B. Kennedy, Michael P. Macisso, Maura L. Peterson, Carli V. Rodriguez-Feo, and W. Scooter Slade as alternate Classified Information Security Officers. Defense counsel shall seek guidance from the Classified Information Security Officer with regard to appropriate storage, transmittal, and use of classified information.

5. **Government Attorneys**. The Court has been advised that Assistant United States Attorneys Brett A. Harvey and Frank H. Sherman, as well as Trial Attorney Paul Casey of the Counterterrorism Section, United States Department of Justice, have the requisite security clearances allowing them to have access to classified documents and information that relate to this case. Any government attorneys who may in the future participate in the litigation of any part of this matter (or supervise such litigation) will have security clearances appropriate for the level of classification of any documents reviewed.

6. **Defense Counsel**. The Court has been advised by the government that the defendant's counsel, Mark D. Hosken and Jeffrey L. Ciccone, as well as the Federal Public Defender Marianne Mariano, have the requisite security clearances allowing them to have access to the classified information that relates to this case. Accordingly, these attorneys shall be permitted access to classified information that may be disclosed or produced by the United States or otherwise is necessary to prepare for proceedings in this case, in

accordance with the terms of this Order and any other orders of the Court. Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after first (a) obtaining permission from this Court, with prior notice to the government, (b) obtaining security clearances through the Classified Information Security Officer for access to the required level of classification on a need-to-know basis, and (c) signing the Memorandum of Understanding in the form attached hereto, thereby agreeing to comply with the terms of this Order. Defense counsel shall file originals of the executed Memoranda of Understanding with the Court under seal and serve copies of such document(s) upon the Classified Information Security Officer and the United States. The substitution, departure, or removal from this case of defense counsel or any other cleared person associated with the defense as an employee or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

7. **Secure Area of Review**. The Classified Information Security Officer shall arrange for and maintain an appropriately approved secure area for the use of defense counsel. The Classified Information Security Officer shall establish procedures to assure that the secure area is accessible to defense counsel during business hours and at other times upon reasonable request as approved by the Classified Information Security Officer in consultation with the United States Marshals Service. The secure area shall contain a separate working area for defense counsel and will be outfitted with any secure office

equipment requested by the defense that is reasonable and necessary to the preparation of the defense. The Classified Information Security Officer, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No classified documents may be removed from the secured area unless so authorized by the Classified Information Security Officer. The Classified Information Security Officer shall not reveal to the government the content of any conversations he or she may hear among the defense, nor reveal the nature of the documents being reviewed or the work being generated. The presence of the Classified Information Security Officer shall not operate to render inapplicable the attorney-client-privilege.

8. **Filing of Papers by the Defense**. Any pleading or other document filed by the defendant which defense counsel knows, should know, or has reason to believe may contain classified information shall be filed under seal with the Classified Information Security Officer or his designee, shall be marked "Filed In Camera and Under Seal with the Classified Information Security Officer or Designee," and shall include in the introductory paragraph a statement that the pleading or document is being filed under seal pursuant to this Order, but need not be accompanied by a separate motion to seal. The time of physical submission to the Classified Information Security Officer or his designee shall be considered the date and time of filing. The Classified Information Security Officer shall promptly examine the pleading or document and, in consultation with representatives of

the appropriate agencies, determine whether the pleading or document contains classified information. If the designated classification representative determines the pleading or document contains classified information, the Classified Information Security Officer and the designated classification representative shall ensure the relevant portion of the document - and only that portion - is marked with the appropriate classification marking and remains under seal. All portions of any papers filed by the defendant that are determined by the classification authority to not contain classified information shall be immediately unsealed by the Classified Information Security Officer and placed in the public record. Except in cases where the pleading or document is filed ex parte, the Classified Information Security Officer shall immediately deliver under seal to the Court and counsel for the United States any pleading or document to be filed by the defendant that contains classified information. At the time of making a physical submission to the Classified Information Security Officer or a designee, counsel shall file on the public record in the CM/ECF system a notice of filing. The notice should contain only the case caption and an unclassified title in the filing.

9. **Filing of Papers by the United States**. Those portions of pleadings or documents filed by the United States that contain classified information shall be filed under seal with the Court through the Classified Information Security Officer or an appropriately cleared designee of his or her choosing. Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Classified Information Security Officer" and

shall include in the introductory paragraph a statement that the pleading or document is being filed under seal pursuant to this Order, but need not be accompanied by a separate motion to seal. The date and time of physical submission to the Classified Information Security Officer shall be considered the date and time of filing. Unless the paper is filed <u>ex parte</u>, the Classified Information Security Officer shall immediately deliver the pleading or document under seal to the Court and counsel for the defendants. At the time of making a physical submission to the Classified Information Security Officer or a designee, counsel shall file on the public record in the CM/ECF system a notice of filing. The notice should contain only the case caption and an unclassified title in the filing.

10.  **Sealing of Records**. The Classified Information Security Officer shall maintain a separate sealed record for those pleadings containing classified materials, and retain such record for purposes of later proceedings or appeal.

11.  **Protection of Classified Information**. The Court finds that the provisions set forth in this order are necessary to protect the classified information involved in this case.

12.  **Access to Classified Information**. The defendant's counsel, and cleared employees of defendant's counsel, and additional cleared persons assisting defendant's counsel (hereinafter, "the defense") shall have access to classified information only as follows:

    a.  All classified information produced by the government to the defense

in discovery or otherwise, and all classified information possessed, created or maintained by the defense, shall be stored, maintained and used only in the secure area established by the Classified Information Security Officer. No classified information shall be maintained by the defense in any other place other than the secure area established by the Classified Information Security Officer.

    b. The defense shall have free access to the classified information made available to them in the secure area established by the Classified Information Security Officer and shall be allowed to take notes and prepare documents with respect to those materials.

    c. The defense shall not copy or reproduce any classified information in any manner or form, except with the approval of the Classified Information Security Officer, or in accordance with the procedures established by the Classified Information Security Officer for the operation of the secure area.

    d. All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that defense counsel know, should know, or have reason to believe may contain classified information shall be prepared in a secure area on word processing equipment approved by the Classified Information Security Officer. All such documents shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to classified information, in the secure area on equipment approved for the processing of classified information, and in accordance with the

procedures established by the Classified Information Security Officer. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the Classified Information Security Officer determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the United States.

      e.    The defense shall discuss classified information only with other cleared persons with need to know authorization and only in the secure area or in an area authorized by the Classified Information Security Officer.

      f.    The defense shall not disclose, without prior approval of the Court, any classified documents or information to any person not named or authorized pursuant to this Order (including the defendant and defense witnesses), except to the Court, court personnel and the attorneys for the United States who have been identified by the Classified Information Security Officer as having the appropriate clearances and the need to know. In response to any defense request for disclosure to a person not named in this Order, counsel for the United States shall be given an opportunity to be heard. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all the terms and conditions of this Order. If preparation of the defense requires that classified information be disclosed to persons not named or authorized in this Order, the Classified Information Security Officer shall promptly seek to obtain security clearances for them at the request of defense

counsel.

      g.    The defense shall not discuss or attempt to discuss classified information over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the internet, or in the presence of any person who has not received an appropriate approval for access to classified information.

    13.    **Classified Information Procedures Act**. Procedures for the use or disclosure of classified information by the defense shall be those set forth in Sections 5, 6 and 8 of CIPA. To facilitate the defense's filing of notices required under Section 5 of CIPA, the Classified Information Security Officer shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information, either within the possession of the defense or about which the defense has knowledge and which the defense intends to use in any way at any pre-trial proceeding, deposition or trial. Nothing submitted by the defense to the Classified Information Security Officer pursuant to this paragraph shall be made available to counsel for the United States unless so ordered by the Court, or so designated by the defense. Any and all items that are classified shall be listed in the defense's CIPA § 5 notice. To the extent that any classified information is the basis of any motion filed by the defense, such motion shall be preceded by a CIPA § 5 notice.

    14.    **Violations of this Order**. Any unauthorized use or disclosure of classified information may constitute violations of United States criminal laws. In addition, any

violation of the terms of this Order shall be brought immediately to the attention of this Court and may result in a charge of contempt of court and possible referral for criminal prosecution. Any breach of this Order may also result in termination of an individual's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and in some cases, exceptionally grave damage to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States. This Order is intended to ensure that those authorized by this Order to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it, without prior written authorization from the originating agency or an authorized representative of the United States government, or in conformity with this Order, or as required by CIPA.

15. All classified documents and information to which the defense has access in this case are now and will remain the property of the United States. Upon the request of the Classified Information Security Officer, the defense shall return to the Classified Information Security Officer all classified information in their possession obtained through discovery from the government in this case, or for which they are responsible because of access to classified information. The notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the Classified Information Security Officer for the duration of this case. At the conclusion of all proceedings (including all judicial, semi-judicial, quasi-judicial,

appellate, collateral, executive or like proceedings involving and related to the defendant, Mufid A. Elfgeeh), all such notes, summaries and other documents are to be destroyed by the Classified Information Security Officer in the presence of defense counsel, if so desired.

16. A copy of this Order shall be issued forthwith to the defense counsel who shall be responsible for advising the defendant, any co-counsel, and employees of counsel for the defendant, of the contents of this Order. Counsel for the defendant and any other individuals who will be provided access to the classified information, shall execute the Memorandum of Understanding described in paragraphs 6 and 12 of this Order in the form attached hereto, and counsel for the defendants shall file executed originals of such documents with the Court and the Classified Information Security Officer and serve an executed original upon the United States. The execution and filing of the Memorandum of Understanding is a condition precedent for counsel for the defendants or any other person assisting the defense to have access to classified information.

17. Nothing contained in this Order shall be construed as a waiver of any right of the defendant. No admission made by the defendant or his counsel during pre-trial conferences may be used against the defendant unless it is in writing and signed by the defendant. See CIPA Sec. 2.

18. Nothing in this Order shall preclude the United States from seeking a further protective order pursuant to CIPA, FISA, and/or Rule 16(d) of the Federal Rules of

Criminal Procedure, as to particular items of discovery material.

19. Entry of this Order is without prejudice to an application by defense counsel, upon notice to the government, for a modification of this Order permitting defense counsel to disclose to the defendant specific items of classified information with the written permission of government counsel or leave of this Court.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: July 9, 2015
       Rochester, New York

ATTACHMENT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,            **MEMORANDUM
                                                      OF UNDERSTANDING**

v.                                                          14-CR-6147EAW(F)

MUFID A. ELFGEEH,

                Defendant.

---

    1.    Having familiarized myself with the applicable laws, I understand that I may have already received, and may be the future recipient of, information and documents, that pertain to the national security of the United States, and which are the property of the United States, and that such documents and information, together with the methods of collecting such information, are classified according to security standards set by the United States government.

    2.    I agree that I shall never divulge, publish or reveal, either by word, conduct or any other means, such classified information and documents unless specifically authorized to do so in writing by an authorized representative of the United States government, or as required by the Classified Information Procedures Act, or as otherwise ordered by this Court.

3.  I understand that this agreement and any other non-disclosure agreement will remain binding upon me after the conclusion of the trial in *United States v. Mufid A. Elfgeeh*, Indictment No. 14-CR-6147EAW, and any subsequent related proceedings, including the appellate process.

4.  I have received, read and understand the Protective Order Regarding Classified Information entered by the Honorable Elizabeth A. Wolford, United States District Judge, Western District of New York, in the above-captioned case, and I agree to comply with the provisions contained therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Counsel for the Defendant


_____
Date


_____
Witness Name


_____
Witness Signature