UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DECISION AND ORDER** |
| v. | 6:14-CR-06147 EAW |
| MUFID A. ELFGEEH, | |
| Defendant. | |

———————————————————

Defendant Mufid A. Elfgeeh ("Elfgeeh") has filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 71), along with a motion to appoint counsel (Dkt. 75) and a motion to dismiss (Dkt. 77).  For the reasons below, Elfgeeh's motions are denied.

## I.   BACKGROUND

Elfgeeh is 42 years old.  (Dkt. 48 at 2).  He was born in Yemen, but became a naturalized U.S. citizen in October 1998 (at the age of 14).  (*Id*. at ¶¶ 125-26).  In May 2014, Elfgeeh was arrested by the FBI Joint Terrorism Task Force, and on December 17, 2015, he pleaded guilty to two counts of attempting to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1), pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement that called for a 270-month prison sentence.  (Dkt. 31).  As summed up by the government in its opposition to the pending § 3582(c)(1)(A) motion, Elfgeeh was "an ardent supporter of the Islamic State of Iraq and the Levant (ISIL) and violent jihad" and he "attempted to recruit three individuals to join ISIL and attempted to assist a battalion of fighters in Syria . . . to join forces with ISIL."

- 1 -

(Dkt. 73 at 1).  Elfgeeh also purchased two handguns equipped with silencers from a confidential source with the plan to shoot U.S. Army members returning from Iraq.  (*Id*. at 1-2).

The undersigned accepted the plea agreement between Elfgeeh and the government, and on March 17, 2016, imposed a 270 month prison sentence followed by 330 month term of supervised release.  (Dkt. 44).  Elfgeeh's projected release date is January 24, 2035.  (Dkt. 73 at 3; *see* Dkt. 73-1).

Then, while serving his prison sentence at United States Penitentiary McCreary, in the Eastern District of Kentucky, Elfgeeh was indicted for violating 18 U.S.C. § 1113, related to the attempted murder of his cellmate.  *See* Indictment, *United States v. Elfgeeh*, No. 6:23-cr-019-REW-HAI (E.D. Ky. April 27, 2023), Dkt. 1.  Elfgeeh proceeded to a jury trial with respect to that charge and on April 29, 2026, the jury returned a guilty verdict.  (Jury Verdict, *id.*, Dkt. 317; Minute Entry, *id.*, Dkt. 318).  Elfgeeh is awaiting sentencing in that case, scheduled for September 1, 2026.  (Minute Entry, *id.*, Dkt. 318).

Elfgeeh's § 3582(c)(1)(A) motion contends that he is suffering in various ways because of his incarceration, and thus seeks a sentence reduction.  (Dkt. 71).  The government opposes the motion (Dkt. 73), and the United States Probation Office ("USPO") also opposed the motion in a memo to the Court dated January 20, 2026.  According to the USPO, Elfgeeh has "struggled greatly to adjust to life in custody."  The USPO notes that Elfgeeh has encountered numerous disciplinary issues while incarcerated (including many involving alleged acts of violence), and he has started but failed to finish

multiple education courses.  The USPO also reports that the Bureau of Prisons ("BOP")
has no record of Elfgeeh applying for compassionate release administratively.

In addition to the pending § 3582(c)(1)(A) motion, Elfgeeh has filed a motion for
appointment of counsel, to which he attaches the competency evaluation performed in
connection with the attempted murder charge in the Eastern District of Kentucky.  (Dkt.
75).  That evaluation concluded that Elfgeeh understood the charge against him and was
competent to proceed to trial (a conclusion also made by the district judge assigned to the
case).  *See* Order, *Elfgeeh*, No. 6:23-cr-019-REW-HAI, Dkt. 272.  Elfgeeh has also filed a
motion to dismiss the indictment in this case, wherein he requests "full transcripts" of the
proceedings and a copy of the docket sheet.  (Dkt. 77).

## II.    MOTION UNDER 18 U.S.C. § 3582(c)(1)(A)

"A court may not modify a term of imprisonment once it has been imposed except
pursuant to statute."  *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).
The compassionate release statute, as amended by the First Step Act, is such a statutory
exception, and provides as follows:

> The court may not modify a term of imprisonment once it has been imposed
> except that . . . the court, upon motion of the Director of the [BOP] . . ., or
> upon motion of the defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the [BOP] . . . to bring a motion
> on the defendant's behalf or the lapse of 30 days from the receipt of such a
> request by the warden of the defendant's facility, whichever is earlier, may
> reduce the term of imprisonment (and may impose a term of probation or
> supervised release with or without conditions that does not exceed the
> unserved portion of the original term of imprisonment), after considering the
> factors set forth in section 3553(a) to the extent that they are applicable, if it
> finds that . . . extraordinary and compelling reasons warrant such a reduction
> . . . and that such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission[.]

- 3 -

18 U.S.C. § 3582(c)(1)(A).  Relief is appropriate under § 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the reduction is consistent with the policy statement set forth at U.S.S.G. § 1B1.13.  If any "one of those conditions is lacking, [the district court] need not address the remaining ones."  *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021).[1]  "The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute." *United States v. Roney*, No. 10-CR-130S, 2020 WL 2846946, at *2 (W.D.N.Y. June 2, 2020), *aff'd*, 833 F. App'x 850 (2d Cir. 2020); *see also United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024) ("The burden of showing that the circumstances warrant a sentence reduction is on the defendant.").

Elfgeeh's pending § 3582(c)(1)(A) motion fails for many reasons.  First, he has not satisfied the exhaustion requirements of the statute.  As noted by the government, Elfgeeh submitted a written request for compassionate release while temporarily housed at FDC Houston, but the BOP rejected that request because Elfgeeh failed to comply with BOP regulations requiring an initial attempt at an informal resolution, and Elfgeeh never corrected the error.  (*See* Dkt. 73 at 7-8).

---

[1]    At the time the Second Circuit decided *Keitt*, the policy statement set forth at U.S.S.G. § 1B1.13 did not apply to motions for compassionate release filed before a district court.  21 F.4th at 71 n.2.  But with the November 1, 2023 amendments to the Sentencing Guidelines, that policy statement is now relevant to a motion filed in district court.

Second, even if Elfgeeh had demonstrated compliance with the administrative exhaustion requirements, he has wholly failed to establish that extraordinary and compelling reasons justify a sentence reduction. Indeed, there is nothing in the record that even comes close to meeting that standard.

Third, and perhaps most importantly from the undersigned's perspective, consideration of the § 3553(a) factors strongly militates against granting the motion. Elfgeeh was an extremely dangerous individual when he was sentenced on March 17, 2016, and he remains at least as dangerous if not more so today, as reflected by his conviction earlier this year for attempted murder and his numerous disciplinary problems while incarcerated. The undersigned is concerned that Elfgeeh is going to be released from prison in less than 10 years, because he will still be a relatively young man with a frightening history of violent activities and goals. The only reassurance is that at least he will be on supervised release for a lengthy period of time when the time does come for his release— and perhaps the sentence imposed for the attempted murder conviction will lengthen Elfgeeh's projected time in prison.

## III.    <u>**MOTIONS FOR COUNSEL AND TO DISMISS**</u>

Although the basis for Elfgeeh's motion to dismiss is difficult to decipher, he seems to be complaining about an Order entered by this Court on October 7, 2024, wherein any claims based on his conditions of confinement were dismissed without prejudice because this district is not the proper venue to pursue any such claims, and any motion attacking the underlying conviction in this action was deemed likely time barred. (Dkt. 69). Elfgeeh never returned the § 2255 timeliness form, and thus the motion filed at Docket 65 was

terminated.  To the extent Elfgeeh is complaining about that decision, he has identified no valid basis for reconsidering it.  To the extent Elfgeeh is otherwise seeking dismissal of the indictment in this case, he has not only failed to identify any legal basis for doing so, but his efforts are procedurally misplaced.  Indeed, the Court has previously rejected similar post-sentence efforts by Elfgeeh to dismiss the indictment.  (*See* Dkt. 60).

Finally, to the extent Elfgeeh is asking that counsel be appointed, he has not identified grounds for the appointment of counsel, to which he was constitutionally entitled when the underlying criminal case was pending but no longer.  The Court has previously rejected Elfgeeh's similar requests for counsel (*see, e.g.*, Dkt. 69 at 8-9), and does so again here.  Likewise, the Court denies Elfgeeh's request for free transcripts[2] because he has not identified a basis for directing that production (*see* Dkt. 51), but the Court will direct the Clerk of Court to provide Elfgeeh with a copy of the docket sheet in this case, as he has requested.

---

[2]    Although it is not entirely clear, Elfgeeh appears to make a reference in his motion to paying $350 for transcripts in 2021, but never receiving them.  (Dkt. 77).  However, without any details as to that payment, including to whom the payment was directed, it is impossible for the Court to provide any relief.  If transcripts had been prepared, they would presumably be filed on the docket and there are no such filings.

- 7 -

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 71), for appointment of counsel (Dkt. 75), and to dismiss (Dkt. 77), are denied.  The Clerk of Court is directed to send a copy of this Decision and Order to Elfgeeh at his address listed on the docket, along with a copy of the docket sheet.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   August 5, 2026
         Rochester, New York